## 35358. ROWLAND *v.* THE STATE.

Decided October 1, 1954.

*Jesse T. Edwards,* for plaintiff in error.

TOWNSEND, J. ■ The first special ground of the amended motion for a new trial contends that the State did not prove the venue of the crime charged. There is sufficient evidence to show that the prosecuting witness, J. E. Hewitt, owned the Buick in question and agreed to sell it to the defendant; that the defend-

ant made a part payment on the automobile, took possession of it, and made certain instalment payments thereafter; that the defendant later took the car to the Oldsmobile place in Valdosta, Lowndes County, to trade for another automobile; that he did not have a bill of sale, and that E. E. Pipkin at that establishment filled out a bill of sale for him and told him to get it signed by Hewitt and two witnesses; and that he later brought it back to that place with the signatures thereon. Thus, there is sufficient evidence in the record to show that the instrument was uttered and published in Lowndes County, but the defendant is not here charged with uttering a forged instrument. The offenses of making a forged instrument and uttering the same are separate and distinct, although knowledge that an instrument is forged is an essential ingredient of the crime of uttering. See Code §§ 26-3901, 26-3902, 26-3914; McConlogue *v.* Aderhold, 56 Fed. 2d 152; *Vaughn* v. *State*, 79 *Ga. App.* 724 (54 S. E. 2d 511); 2 Wharton, Criminal Law, § 919. The question arises, therefore, whether proof of the venue of uttering, together with the other evidence in this case, is sufficient to establish the venue of the crime charged, which was the making, signing, and counterfeiting. In 26 C. J. 929, § 65, it is stated: "In the absence of statute providing otherwise, the venue of a prosecution for forgery is in the county where the forgery was actually committed." Hewitt, the prosecutor, stated that he lived on Route 2, Pavo, in Brooks County, and the testimony of the defendant's brother, which was denied by Hewitt, was to the effect that Hewitt signed the bill of sale in his presence "in a little cafe down at the cab station," but failed to state in what county the cab company was located. Further, Hewitt's wife testified that the defendant brought the paper to her husband to sign, and he refused to sign it, "out at Joe Sanders' house in front of Tom Hewitt's used car lot," but did not identify the county. The prosecutor lived in the adjoining county of Brooks; the defendant sought him out while the paper was in the defendant's possession, and therefore nothing in the record makes it more likely that the forgery was committed in Lowndes County than that it was committed in Brooks County. Although slight evidence of venue may be sufficient where the fact of venue is not contested, nevertheless, it is a jurisdictional fact and must be proved

clearly and beyond a reasonable doubt. *Gibson* v. *State*, 52 *Ga. App.* 297 (183 S. E. 83); *Williamson* v. *State*, 58 *Ga. App.* 389 (198 S. E. 552); *Dickerson* v. *State*, 186 *Ga.* 557 (199 S. E. 142).

If the instrument was forged, there is ample evidence that it was uttered in Lowndes County. Since the indictment in this case fails to charge uttering the forged instrument, but on the other hand only charges the defendant with making, signing, forging, and counterfeiting the same, and since the evidence fails to establish with any degree of clearness where this act may have taken place, the venue of the crime is not supported by the evidence.

■ The remaining special assignments of error are not passed upon, as the case is to be tried again, and they are not likely to recur. However, most of them deal with the failure of the trial court to give the jury in charge timely written requests of the defendant. Code § 70-207 provides as follows: "A new trial may be granted in all cases when the presiding judge may deliver an erroneous charge to the jury against such applicant on a material point, or refuse to give a pertinent legal charge in the language requested, when the charge so requested shall be submitted in writing." Whenever a request to charge is made pursuant to this Code section, based on a principle of law applicable to the case in question, pertinent and legal in form, and the court fails to give such charge in the language requested, error is committed. *Rogers* v. *Manning*, 200 *Ga.* 844, 850 (38 S. E. 2d 724). The failure to give such a charge may, however, constitute harmless error, where it did not in any way tend to harm or prejudice the appellant, and where it may be held that the principle of law was substantially covered in the charge as given. Yet when the trial judge fails to give a request which is pertinent, apt, legal, and material to the point, he exposes the case to the danger of reversal, depending upon a determination of the question of whether or not the error thus committed is harmful. It seems to us, therefore, that the proper course would be, when such a request is made, for the trial court to comply with the statute above quoted and give such requests in charge to the jury.

The judgment of the trial court denying the motion for a new

trial is error for the reasons set out in the first division of this opinion.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*