36053.   WILSON *v.* THE STATE.

DECIDED FEBRUARY 16, 1956.

*J. Roy Rowland, Joe W. Rowland, Price, Spivey & Carlton,* for plaintiff in error.

*W. H. Lanier, Solicitor-General,* contra.

TOWNSEND, J. ■ A request to charge must be based on a principle of law applicable to the case, pertinent and legal in form. *Rowland* v. *State*, 90 *Ga. App.* 742 (2) (84 S. E. 2d 209). The failure of the court to give the requested charge: "There must be shown by the State's evidence that the description in the indictment of the article alleged to be stolen is the proof produced from the witness stand to be the same, and the proof must show that the number is the same as charged in the indictment," contended to be error in the first special ground of the motion for a new trial, is not completely intelligible, and is accordingly not pertinent, apt and material. Under these circumstances, the failure to give the charge in the language requested was not error.

■ Special ground 3 is as follows: "Because it was error for the court to fail to properly poll the jury or to permit defendant's counsel to properly poll the jury as he had demanded. . . Upon demand to poll the jury, the court asked the foreman if they had reached a verdict, and the foreman replied 'yes', and the verdict was then read in open court. Immediately and before the jury was dispersed the court told the clerk to call the first juror, whereupon counsel for the defendant repeated the verdict and asked the juror 'was that your verdict?' Upon the answer, 'yes', said counsel asked the juror: 'Was it freely and voluntarily made?' With the answer, 'yes', said counsel asked the juror the following question: 'It is still your verdict?' Whereupon the court said: 'Just wait a minute, I will poll the jury', and propounded to them the following question: 'You heard the verdict read, was that your verdict?' The court asked no other questions, and the clerk called the names of each succeeding juror and the same question: 'You heard the verdict read, was that your verdict' was asked by the court. . ." It is contended that this action deprived the defendant of his right to have the jury asked "Is this now your verdict?", which is a material right, for a juror may assent to a verdict in the jury room but, until the verdict is recorded, he may change his mind, and the defendant has a right to have him asked directly whether this has occurred.

In *Cooper* v. *State*, 103 *Ga.* 63, 65 (29 S. E. 439), it was held: "It is within the power of any juror, before leaving the jury-room, or even after coming into court, to recede from the verdict to which he has previously assented, at any time before it has be-

come too late to poll." There is no statutory authority for polling a jury, but it is a material right derived from the common law, under which a juror was, in open court, required to answer the question put to each individually: "Look upon the prisoner, you who are sworn. How say you? Is he guilty of the felony whereof he stands indicted, or not guilty?" *Groves* v. *State*, 162 *Ga.* 161 (132 S. E. 769). In *Black* v. *Thornton*, 31 *Ga.* 661 it was held, apparently under common-law principles, that the better form of question in polling is to ask: "Is that, or is it not, your verdict?" In *Campbell & Jones* v. *Murray*, 62 *Ga.* 87 (7) the question: "Did you consent to that verdict, and do you now consent?" was approved, and it was further held that a verdict must be set aside where a juror, on returning to the courtroom and being polled, states that he agreed to the verdict in the jury room but does not think it was exactly right, the court stating: "When one or more of the jurors cannot face the parties and the public with the finding, there should be further deliberation."

Under these authorities, it appears that the defendant had a right, on a proper poll, to have the jury individually questioned not only as to whether the verdict *was* the juror's verdict, but whether it *is now* his verdict. This right was denied the defendant, for which reason a new trial should be granted.

■ Of the remaining special grounds of the motion for a new trial, the ground assigning error on the failure of the court to direct a verdict will not be considered by this court, and the other ground is not likely to recur.

■ Assuming that the provisions of Code (Ann. Supp.) § 110-113 (Ga. L. 1953, Nov. Sess., pp. 440, 444) relating to the motion for judgment notwithstanding the verdict applies to criminal as well as civil cases (it not appearing that the legislature intended to restrict the motion to civil cases only) and further assuming that the motion denominated a "motion to set aside the verdict and judgment" is in fact a motion for judgment notwithstanding the verdict of guilty, it is without merit. The contention that the verdict is unauthorized by the evidence because the allegata and probata did not agree is not borne out by the evidence in the case. The rule of course is that where the motor number of the alleged stolen motor vehicle is alleged, the proof must show that the vehicle does in fact have that motor number and not some

other number. *Wright* v. *State*, 52 *Ga. App.* 202 (182 S. E. 862). Here the motor number alleged in the indictment is the same as that found on the vehicle in question to be the true number after the false or altered number was scraped off, according to the testimony of witnesses expert in that field. The fact that the record of certain purchase money notes and title-retention documents was by agreement admitted in evidence and that this evidence showed the vehicle as having a slightly different motor number would, at most, only raise a jury question as to whether the tractor recovered was the same one as that alleged to have been stolen from Cleve Rayford, the alleged owner. The evidence did not demand a verdict of acquittal, and the motion was properly denied.

The trial court erred in denying the motion for a new trial for the reasons set forth in the second division of this opinion.

*Judgment reversed.  Gardner, P. J., and Carlisle, J., concur.*