21594.   MUSSELWHITE v. THE STATE.

ARGUED MARCH 12, 1962—DECIDED APRIL 5, 1962.

*Stow & Andrews, Tracy Moulton,* for plaintiff in error.
*Jess H. Watson, Solicitor-General,* contra.

HEAD, Presiding Justice.   Ed Hamby, Arthur Musselwhite, and Marcus Barrett were indicted in Forsyth County for the offense of robbery by open force and violence.   On the trial of Arthur Musselwhite, the jury returned a verdict of guilty and fixed a sentence of imprisonment.   The defendant's motion for new trial

on the general grounds was denied, and the exception is to that judgment. The evidence amply authorized a finding by the jury that the defendant was guilty of the offense charged, and the only question made by the record is whether or not the State proved that the crime was committed in Forsyth County.

Harry Tanner, the victim of the robbery, testified that: On July 9, 1961, he came to a place "in this county" known as Twin Lakes, and the three persons named in the indictment were there at that time. The witness and the defendant, Arthur Musselwhite, left the place together for the purpose (the witness thought) of getting some liquor. They left in the 1957 Cadillac car of the witness. When they pulled up at the stop sign before entering U. S. Highway 19, a car pulled up beside them, driven by Marcus Barrett and in which Ed Hamby was riding. Barrett, Hamby, and the defendant talked for a few minutes and the defendant and Hamby got in the car with the witness. They went approximately three miles on U. S. 19, crossed a bridge, turned left at the first dirt road, crossed a branch, and went approximately two miles on that road, when the defendant forcibly stopped the witness. The defendant and Hamby jerked the witness out of the car and brutally kicked and "stomped" him, took his wallet containing money and a check, and threatened to kill him if he did not tell them where he had a thousand dollars. He told them that he did not have a thousand dollars, that they had taken all the money he had. They continued to mistreat him, then threw him in the back of his car and drove a while. They brought him back to that road later, dragged him out of the car and again beat and kicked him, still threatening him. After he was placed back in the car the second time he heard them say that the other car was stuck, and they used his car with a chain and pulled the car out of the ditch.

Phillip R. Glover, a witness for the State, testified that: He was at Twin Lakes on the night of July 9. He did not know the defendant, but he knew Marcus Barrett. He saw a Cadillac car leave Twin Lakes that night, and saw it return later. Two men were in the car when it returned, one of them being Marcus Barrett, and they wanted the witness and Lloyd Munday to go and help them get Barrett's car out of a ditch. They found

Barrett's car on the first dirt road after crossing Big Creek. "And where the Cadillac car was then, or Marcus Barrett's car, was in Forsyth County." When they reached the Barrett car stuck in the ditch, the Cadillac was already there. The witness stopped, and saw a man taken out of the back of the Cadillac. He had "been beaten up very much" and they tried to make him talk, kicked him and said something about some money. The witness and Munday went to a home and obtained a chain, tied the chain to the Cadillac and to Barrett's car, and pulled Barrett's car out.

"It may be stated as a rule that the venue in criminal cases is a matter of jurisdictional fact, and like every other material allegation in the indictment must be proved beyond a reasonable doubt. . . It may be proved by circumstantial as well as by direct evidence." *Dickerson v. State*, 186 Ga. 557, 559 (2) (199 SE 142); *Berry v. State*, 185 Ga. 334 (195 SE 172). "Evidence as to venue, though slight, is sufficient where there is no conflicting evidence." *Climer v. State*, 204 Ga. 776 (2) (51 SE2d 802); *Porter v. State*, 76 Ga. 658. "When all of the evidence introduced on the trial of a criminal case strongly and decidedly tended to show that the offense was committed in the county where the trial was had, and there was no evidence warranting even a bare conjecture that it was committed elsewhere, it will be held that the venue was sufficiently proved." *Womble v. State*, 107 Ga. 666 (3) (33 SE 630); *Lee v. State*, 176 Ga. 215 (167 SE 507); *Rider v. State*, 196 Ga. 767 (27 SE2d 667); *Dowdell v. State*, 200 Ga. 775, 781 (38 SE2d 780); *Campbell v. State*, 202 Ga. 705 (2) (44 SE2d 903); *Hubbard v. State*, 208 Ga. 472, 474 (67 SE2d 562).

There is nothing in the evidence in the present case to raise a bare conjecture that the crime was committed outside Forsyth County. The witness Glover identified a place in Forsyth County where a man was beaten in his presence. His testimony can have no reasonable meaning except that both the Cadillac car from which the victim was taken and Marcus Barrett's car were at a place that was within Forsyth County. While this witness stated that he did not know the defendant, or the victim of the beating, the circumstances related by him

which coincided with the testimony of the victim of the robbery were sufficient to authorize the jury to find that it was the same incident, and to establish that the crime was committed in Forsyth County.

The trial judge did not err in denying the motion for new trial on the general grounds.

*Judgment affirmed. All the Justices concur.*