## 59675. PERRY v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for possession of marijuana. *Held:*

1. The state did not establish the venue of the crime in Sumter County where the trial was held. The only evidence of venue was that deputy sheriffs of Sumter County and Americus city policemen went to defendant's home, place unspecified, found the alleged marijuana, and took defendant to the Sumter County Sheriff's Office. Other witnesses testified that defendant's home was at a named apartment or street address, or that they went to defendant's home, but none were asked or gave any city, county or other location of defendant's home or other information from which it reasonably could be inferred that it was located in Sumter county. We find such

evidence insufficient to authorize a rational jury to find beyond a reasonable doubt that the alleged offense occurred in Sumter County. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Although his character was not in issue, the solicitor, having knowledge of a prior conviction, asked defendant in cross examination if he previously had been charged with, pled guilty to, or convicted of possession of marijuana. A defense objection was sustained, the question was not answered and the jury instructed to completely disregard the question. Defendant's motion for a mistrial was denied.

A question asked by a prosecuting attorney may constitute a statement of prejudicial matter that places defendant's character in issue. *Stanley v. State,* 94 Ga. App. 737 (1) (96 SE2d 195). In our opinion the question asked here did exactly that.

*Brown v. State,* 118 Ga. App. 617 (1) (165 SE2d 185), is a factually similar case in that the solicitor, in cross examining the defendant, asked a series of questions calculated to place before the jury, indirectly and inferentially, the fact that the defendant had been previously convicted. In reversing for failure to grant a requested mistrial, the court said: "It is axiomatic that the general character of a defendant on trial for the commission of a crime and his character in other transactions is irrelevant unless the defendant himself chooses to put his character in issue. [Cits.] 'The general rule is that on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, even though it is a crime of the same sort, is irrelevant and inadmissible.' [Cits.] Where evidence of that kind is erroneously admitted, it is naturally prejudicial to defendant and requires the grant of a new trial. See *Stanley v. State,* 94 Ga. App. 737 (96 SE2d 195), where it was held to be prejudicial merely to ask the improper question even without eliciting an answer." Id. at 618-619.

"The matter of granting a mistrial is largely within the discretion of the trial court, but that discretion will be controlled when it is apparent that a mistrial was essential to preservation of the right of fair trial. Ordinarily, when illegal testimony is placed in evidence, it is not an abuse of discretion to refuse to grant a mistrial if sufficient corrective instructions are given in ruling the testimony out. [Cits.] This is true even if the illegal testimony has the effect of placing the defendant's character in issue [cits.], especially when the testimony is volunteered by the witness and not directly elicited by the solicitor. [Cits.] However, a voluntary statement made by a witness stands on a different basis with reference to a mistrial from that covered by the provisions of Code § 81-1009, which has

reference to the conduct of attorneys, who are officers of the court. [Cit.] Mistrial is more likely to be the solution required in those instances where the solicitor directly elicits the improper evidence than in those instances where the witness volunteers the testimony. [Cit.] Where, as here, a prosecuting attorney knowingly injects into evidence an illegal element to the prejudice of the defendant, a mistrial is often the only complete and satisfactory remedy. [Cit.]

"In [Cit.], the State directly elicited testimony that the accused had been convicted twice previously for violations of the prohibition law; and in [Cit.] the State improperly elicited another type of testimony which was highly prejudicial to the accused. In [Cits.], witnesses for the State volunteered testimony implicating the accused in other offenses. In each of those cases this court held that the trial court erred in refusing to grant a motion for mistrial notwithstanding that the trial court had instructed the jury to disabuse their minds of the illegal testimony. We are of the opinion that the same situation exists here and that the court's instructions to the jury to disregard the quoted testimony as evidence were not sufficient to erase from the jurors' minds the prejudice against defendant aroused by forcing upon them the inference that defendant, having spent twelve years of his life in the penitentiary, was a hardened criminal." Id. at 620-622.

We are of a like opinion in this case and find that the trial court erred in refusing to grant a mistrial.

3. The remaining enumeration of error is mooted by the holdings in the foregoing divisions.

*Judgment reversed. Shulman and Carley, JJ., concur.*

SUBMITTED APRIL 9, 1980 — DECIDED MAY 9, 1980.

*Thomas R. McFarland,* for appellant.
*Henry O. Jones, III, Solicitor,* for appellee.