A89A1921. WILLIAMS v. THE STATE.
(388 SE2d 884)

McMURRAY, Presiding Judge.

On January 14, 1989, in the early morning hours, DeKalb County Police Department officers went to the Dial Inn near the intersection of Interstate 85 and Shallowford Road to try to find cocaine. In the motel parking lot, they were approached by Teri Lynn Hayes who asked them for a "light." The officers complied. Then one of the officers asked Hayes if she knew where they could buy some cocaine. She said, " 'No, I am sorry, I don't.' "

The officers observed Hayes get into a van driven by David M. Brown. As the officers left the parking lot, Brown signalled by blinking the headlights at them several times. The police officers stopped and Hayes approached them once again. She said, " 'I can get you a quarter bag of rock.' " The officers replied, " 'That's fine.' " Hayes told the officers to follow the van to the next exit.

The officers followed the van to the Golf Land Motor Lodge at the intersection of Interstate 85 and Chamblee-Tucker Road. Hayes got out of the van and approached the officers. One of the officers gave her $25 in marked currency. In short order, Hayes went to a room in the motel, returned to the van and gave Brown the currency. Then, she waited with the officers while Brown went into a room in the motel. When Brown returned (after about five minutes), he motioned to Hayes and she rejoined him in the van. Brown gave something to Hayes; she returned to the officers and gave them a clear plastic bag containing cocaine. In the meantime, Brown returned to the same motel room.

When Brown was out of sight, Hayes was arrested. Then the officers proceeded to the motel room which Brown entered. Defendant Williams opened the motel room door and inside the officers saw Brown sitting on a bed. He was immediately placed under arrest and searched. The marked currency was not on him. Thereupon, the officers searched defendant. They found the marked currency in his pocket. They also found cocaine (1.2 grams) and marijuana (2.2 grams) on his person. Thereupon, defendant was arrested.

Via indictment, defendant was accused of possession of cocaine with intent to distribute and possession of marijuana. Defendant filed a motion to suppress evidence and, following a hearing, the motion was overruled. At the conclusion of the motion to suppress hearing, defendant informed the court that he wished to waive his right to a jury trial and to be tried by the court, sitting without a jury, based on the evidence adduced at the motion to suppress hearing. Accordingly, the parties stipulated that the evidence presented at the motion to suppress hearing would be considered by the court in determining defendant's guilt or innocence. Based on that evidence, the trial court found defendant guilty upon each count of the indictment. This appeal followed the imposition of sentence. *Held*:

1. In his first enumeration of error, defendant contends the trial court erred in overruling his motion to suppress evidence. In this regard, defendant argues that the search of his person was illegal because the officers did not have probable cause to arrest him before they conducted the search. He did not contend that the officers conducted an illegal search in that they acted outside their territorial jurisdiction.

In considering the legality of a search without a warrant, we must determine whether the search was reasonable under the particular circumstances confronting the officer at the time the search was made. As it is said: " '[R]easonableness is not determined by the hindsight of appellate court judges after weeks of academic deliberations; it is determined by the foresight of the policeman on the scene who must act in the public interest in a very short space of time. The reasonableness of his action must be judged in relation to the circumstances then existing and is in the first instance a question for the trial judge to determine.' *Croker v. State*, 114 Ga. App. 43 (1) (150 SE2d 294)." *Menaghan v. State*, 132 Ga. App. 380, 382 (2-a) (208 SE2d 150).

In the case sub judice, the trial judge was warranted in concluding that the search of defendant was reasonable. Why? Because at the time the search was made, the facts and circumstances within the knowledge of the officers were sufficient to warrant a prudent person to believe that defendant had committed or was committing a crime. *Durden v. State*, 250 Ga. 325, 326 (297 SE2d 237). After all, while the drug deal was being transacted, Brown made two visits to the room occupied by defendant; defendant was the only other person in the room at the time of Brown's arrest; and the marked currency, which had been given to Brown, was not found on his person. Given these facts, it was reasonable for the officers to conclude that defendant was holding the marked currency and was involved in selling the cocaine to the officers. Thus, the officers acquired "probable cause" to arrest defendant — and there was likely to be a failure of justice if the officers delayed the search and arrest of defendant until a warrant was

obtained. See *Durden v. State*, supra at 327 (1). The trial judge did not err in overruling defendant's motion to suppress evidence.

2. In his second enumeration of error, defendant contends the State failed to prove venue. In this regard, he points out that although the State demonstrated that the sale of cocaine and defendant's arrest took place at the intersection of Interstate 85 and Chamblee-Tucker Road, it failed to demonstrate that that intersection is located in DeKalb County. We disagree.

"This is not a situation where extraterritorial aid was invoked, as provided for in the Georgia Mutual Aid Act. OCGA § 36-69-1 et seq. There was and is no contention that the [DeKalb County police officers] acted outside [their] territorial jurisdiction. . . . Thus the State is at least entitled to an inference that [the officers] acted with authority, which would be within [DeKalb County]. It is a 'well settled principle that public officials shall be presumed to have performed their duties . . . unless clearly proven otherwise.' *Richmond County Hosp. Auth. v. Richmond County*, 255 Ga. 183, 192 (2) (c) (336 SE2d 562) (1985); OCGA § 24-1-1 (6)." *Hunter v. State*, 191 Ga. App. 219, 220 (381 SE2d 525).

Defendant did not contest venue in the trial court. Thus, while it was incumbent upon the State to establish venue beyond a reasonable doubt, slight proof would have sufficed. *Carter v. State*, 146 Ga. App. 681 (247 SE2d 191).

Under the particular facts and circumstances of the case sub judice, we are satisfied that the "slight evidence" standard was met and venue was proven to be in DeKalb County, Georgia, beyond a reasonable doubt.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED NOVEMBER 21, 1989.

*John D. McCord III*, for appellant.
*Robert E. Wilson, District Attorney, J. Michael McDaniel, Barbara B. Conroy, Assistant District Attorneys*, for appellee.