A93A0675. COKER v. THE STATE.
(433 SE2d 637)

SMITH, Judge.

Angelo Coker, along with three others, was indicted for murder.

Tried separately in a bench trial, he was found guilty of voluntary manslaughter. He appeals from the judgment of conviction and sentence entered by the trial court on this finding of guilt.

In related enumerations, Coker urges only the general grounds. Viewed in the light most favorable to the trial court's factual findings, the evidence showed that Coker lost a $300 wager. He drove to the home of the winner and demanded his money back at gunpoint. As he attempted to leave with a friend, gunfire erupted. Shots were exchanged between appellant and his friend on the one hand, and the winner and his companions on the other. A shot fired by someone other than Coker strayed and killed a bystander. "Where one shoots at another, intending to kill him, under such circumstances that the killing, if accomplished, would be voluntary manslaughter, but the shot misses him and accidentally kills an innocent third person, the homicide will be voluntary manslaughter. [Cits.]" *Strickland v. State*, 9 Ga. App. 552 (1) (71 SE 919) (1911).

Contrary to Coker's assertion, the evidence does not demand a finding that he attempted to withdraw peaceably, nor does it demand a finding that he acted solely in self-defense. Instead, the evidence would authorize a rational trier of fact reasonably to conclude that Coker stood his ground to engage in mutual combat. *Syms v. State*, 175 Ga. App. 179, 180 (1) (332 SE2d 689) (1985). This is sufficient, under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to support his conviction for voluntary manslaughter as a party to the crime. OCGA § 16-5-2 (a).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 23, 1993.

*Charles R. Sheppard*, for appellant.
*Daniel J. Craig, District Attorney, Stacey R. Kasten, Assistant District Attorney*, for appellee.