A93A1410. IN THE INTEREST OF T. S., a child.
(438 SE2d 159)

COOPER, Judge.

Appellant was tried on two petitions alleging that he was delinquent for possession of alcohol by a minor, OCGA § 3-3-23; inhaling model glue, OCGA § 16-13-91; and for committing the designated felony act of aggravated assault, OCGA § 15-11-37 (a) (2) (B). He appeals from the adjudication of delinquency and disposition entered by the juvenile court.

1. Appellant contends that he was forced to trial without the benefit of counsel. However, the record contains a written acknowledgment of rights, signed by appellant and his mother. This form advised them of the right to be represented by counsel and of the right to appointed counsel if he could not afford his own attorney. He was further warned of the possible dispositions upon a finding of his delinquency and of the hazards of proceeding without an attorney. On the day of the hearing, appellant and his mother appeared without counsel. The juvenile court observed that appellant was not entitled to appointed counsel and had failed to retain counsel despite having been granted two continuances. Under these circumstances, the juvenile court was authorized to conclude that appellant and his mother had knowingly and voluntarily waived his right to be represented by retained counsel. *Riley v. State*, 237 Ga. 124, 128 (226 SE2d 922) (1976). Compare *In re B. M. H.*, 177 Ga. App. 478 (339 SE2d 757) (1986).

2. Appellant enumerates the general grounds.

Under the Juvenile Code, "the standard of proof on charges of a criminal nature is the same as that used in criminal proceedings

against adults — proof must be beyond a reasonable doubt. [Cits.]" *M. W. W. v. State of Ga.*, 136 Ga. App. 472, 474 (221 SE2d 669) (1975). As to the aggravated assault, Griffin police were called to the scene where Wal-Mart security guards had detained appellant after a fight among several youths. Appellant claimed he acted in self-defense and in defense of his brother when he stabbed the victim. However, the evidence, although in conflict, was sufficient to authorize a finding that appellant stabbed the victim when that person was not threatening either appellant or his brother, but was trying to break up the fight. The evidence does not "demand a finding that [T. S.] acted solely in self-defense [or in defense of another within the meaning of OCGA § 16-3-21 (a)]. Instead, the evidence would authorize a rational trier of fact reasonably to conclude that [T. S.] stood his ground to engage in mutual combat [within the proscription of OCGA § 16-3-21 (b) (3)]. [Cit.]" *Coker v. State*, 209 Ga. App. 142, 143 (433 SE2d 637) (1993). This is sufficient evidence to support appellant's adjudication of delinquency for having committed the designated felony act of aggravated assault.

In a separate incident, appellant was a passenger in a vehicle stopped by the Spalding County Sheriff's Department. The deputy detected a strong odor of spray paint and obtained the driver's permission to search the car. He discovered an open bottle of vodka next to appellant and on the floor several bags containing spray paint. Appellant's eyes were dilated, his speech was slightly slurred, and he was unsteady on his feet. Appellant denied inhaling paint and drinking alcohol but admitted that all other passengers of the car had done so. There was uncontested evidence that spray paint contained acetone, a chemical substance within the definition of model glue. OCGA § 16-13-90. This evidence was sufficient to support appellant's adjudication of delinquency for joint underage possession of alcohol and for having inhaled "model glue" for the purpose of intoxication or stupefaction as proscribed by OCGA § 16-13-91.

Appellant also contends there was insufficient evidence of venue. However, no challenge as to venue was made below. The inference that the Griffin Police Department and the Spalding County Sheriff's Department acted within the territorial limits of their authority is slight evidence of venue and is sufficient to establish venue in Spalding County beyond a reasonable doubt. *Williams v. State*, 193 Ga. App. 630 (2) (388 SE2d 884) (1989). The general grounds are without merit.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

Decided November 19, 1993.

*Darrel L. Hopson*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney*, for appellee.