A95A2669. JONES v. THE STATE.
(469 SE2d 300)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty upon a two-count indictment charging him with the sale of cocaine in violation of Georgia's Controlled Substances Act. This appeal followed the entry of the judgment of conviction and sentence. *Held*:

1. Defendant challenges the sufficiency of the evidence in two enumerations, arguing that the testimony of two of the State's witnesses is, in some respects, conflicting. This argument is without merit.

" 'On appeal the evidence must be viewed in the light most favorable to the verdict, and [the defendant] no longer enjoys the presumption of innocence; moreover, on appeal this court determines ev-

idence sufficiency, and does not weigh the evidence or determine witness credibility. *Robinson v. State*, 194 Ga. App. 432, 433 (1) (390 SE2d 652).' *Rigenstrup v. State*, 197 Ga. App. 176, 180 (4), 181 (398 SE2d 25). See also *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204). ' "Conflicts in the testimony of the witnesses, including the state's witnesses, is a matter of credibility for the jury to resolve. . . ." *Searcy v. State*, 236 Ga. 789, 790 (225 SE2d 311).' *Fisher v. State*, 151 Ga. App. 93 (258 SE2d 920)." *King v. State*, 213 Ga. App. 268, 269 (444 SE2d 381).

In the case sub judice, two undercover law enforcement officers testified that, while working together on April 30, 1994, they purchased cocaine from defendant on two separate occasions. While there is some conflict between the officers' testimony regarding the manner in which defendant signaled them to gain the officers' attention, both officers identified defendant as the perpetrator of the crimes charged. This evidence is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of the crimes charged in the two-count indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Grant v. State*, 215 Ga. App. 10, 11 (449 SE2d 545).

2. Defendant also asserts that the State failed to establish venue, beyond a reasonable doubt. This argument is also without merit.

"Generally, criminal trials shall be tried in the county where the crime was committed (Ga. Const. 1983, Art. VI, Sec. II, Par. VI; OCGA § 17-2-2 (a)), and venue is a jurisdictional fact that must be proven as part of the general case. *Dempsey v. State*, 52 Ga. App. 35 (182 SE 56). Additionally, although venue must be proven beyond a reasonable doubt (*Adsitt v. State*, 248 Ga. 237, 239 (282 SE2d 305)), if venue is not contested at trial, slight proof of venue will suffice. *Green v. State*, 260 Ga. 625, 626 (398 SE2d 360). Further, venue is an issue to be decided by the jury, and, if any evidence supports the jury's decision, it will not be set aside. *Jones v. State*, 245 Ga. 592, 596 (266 SE2d 201)." *McGee v. State*, 209 Ga. App. 261, 262 (2) (433 SE2d 374). Although it does not appear in the case sub judice that defendant contested venue at trial, both of the undercover officers who testified that they purchased cocaine from defendant also affirmed, in response to leading questions by the State's attorney, that the crimes charged in the indictment occurred in the county where defendant's trial was conducted. This proof is sufficient to authorize the jury's finding, beyond a reasonable doubt, that the crimes charged occurred in the county where defendant's trial was conducted. *Jackson v. Virginia*, 443 U. S. 307, supra; *Sypho v. State*, 175 Ga. App. 833 (1), 834 (334 SE2d 878).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

Decided February 9, 1996.

Benjamin Gratz, Jr., for appellant.
C. Paul Bowden, District Attorney, for appellee.