A95A2621. MEGA v. THE STATE.
(469 SE2d 771)

RUFFIN, Judge.

Following a bench trial, Josiah Mega appeals his conviction of furnishing alcoholic beverages to an underage person in violation of OCGA § 3-3-23 (a) (1). He enumerates as error the State's failure to prove venue beyond a reasonable doubt and the general grounds. For reasons which follow, we reverse.

The evidence showed that as a part of an underage sting operation at a package store, Officer Judith Fannon provided two underage females with false identification and cash to purchase beer at the store's drive-through window. The young women drove to the drive-through window and purchased six beers from Mega. The record

---

shows that Mega did not ask the 19-year-old who purchased the beer for identification.

1. Mega contends the State failed to prove proper venue in Cobb County beyond a reasonable doubt. The State's sole evidence regarding the location of the package store was provided by Officer Fannon who testified that the illegal sale occurred at the "Sweetwater Package Store, 2084 South Cobb Drive . . . right off Pat Mell Road."

Although Mega did not challenge venue at trial, the only other evidence which arguably linked the alleged crime to Cobb County was Officer Fannon's testimony that she was "an investigator for the Cobb County Police Department." The State argues that the trier of fact could also infer that South Cobb Drive is located entirely within Cobb County. " 'Generally, criminal actions must be tried in the county where the crime was committed. And, venue must be established beyond a reasonable doubt. However, when the evidence is not conflicting and when no challenge to venue is raised at trial, slight evidence is sufficient to prove venue.' . . . [Cit.]" *Nelson v. State*, 210 Ga. App. 249 (1) (435 SE2d 750) (1993).

However, in *Perry v. State*, 154 Ga. App. 559 (1) (269 SE2d 63) (1980), involving a prosecution for possession of marijuana which Sumter County deputies and Americus police officers allegedly discovered in the defendant's home, this Court held that the State did not establish venue in Sumter County beyond a reasonable doubt based solely on the defendant's street address, the affiliation of the officers involved in the investigation, and the fact that the defendant was taken to the Sumter County Sheriff's Department. We concluded that without reference to a city or county or any other information regarding the location of the defendant's home, it could not be reasonably inferred that the home was located in Sumter County.

Furthermore, although we have taken judicial notice that a particular city is located entirely in the county where the defendant was tried, the State has produced no authority, nor has our research revealed any case, in which our appellate courts have taken judicial notice that a particular street is located within a particular county. Compare *Nelson*, supra; *Widner v. State*, 203 Ga. App. 823, 824 (3) (418 SE2d 105) (1992). Moreover, it certainly cannot be said in this state that the name of a street unequivocally defines its location. Indeed, there are countless streets which bear the names of cities and counties which are not located within those cities and counties. Thus, we must find in this case that the evidence presented was insufficient to authorize a rational trier of fact to find beyond a reasonable doubt that the alleged offense occurred in Cobb County. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Perry*, supra.

2. In light of our decision in the first division, we need not consider Mega's remaining enumerations of error.

*Judgment reversed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED MARCH 6, 1996.

*Arthur H. Marateck*, for appellant.
*Benjamin F. Smith, Jr., Solicitor, Barry E. Morgan, Clifford L. Granger, Jr., Assistant Solicitors*, for appellee.