### A97A1355. CALLOWAY v. THE STATE.
(490 SE2d 521)

BLACKBURN, Judge.

Willie Calloway was convicted in Troup County State Court of public drunkenness in violation of Section 35-1-25 of the City Code of LaGrange, Georgia. On appeal, he contends the evidence was insufficient to support the conviction, as the city ordinance was not offered into evidence and there was no proof of venue. The State failed to file an appellate brief as required by Court of Appeals Rule 26 (b).

On appeal of a criminal conviction, the evidence is viewed in the light most favorable to support the verdict, and the verdict will be upheld if a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *McGhee v. State*, 223 Ga. App. 123, 124 (476 SE2d 853) (1996); see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. Calloway contends there was insufficient evidence to prove a violation of the city ordinance because the State failed to introduce

the ordinance into evidence.

It is well settled that although a *municipal* court "may take judicial notice of the ordinances of the city, defining offenses against the same[,] . . . [n]either the Supreme Court nor any other court than the municipal court can take judicial cognizance of a municipal ordinance." (Citation and punctuation omitted.) *Slaughter v. City of LaGrange*, 60 Ga. App. 555 (1) (4 SE2d 410) (1939); see also *Childers v. Richmond County*, 266 Ga. 276, 277 (467 SE2d 176) (1996); *Dudley v. State*, 161 Ga. App. 310, 311 (1) (287 SE2d 763) (1982). "Where an ordinance of a municipality is relied upon, it must be pleaded and proved in the trial court." (Citation and punctuation omitted.) *State v. Fowler*, 182 Ga. App. 897 (357 SE2d 329) (1987).

The burden is on the State to prove beyond a reasonable doubt each and every element of the offense charged. See *Smith v. State*, 217 Ga. App. 680 (1) (458 SE2d 704) (1995); OCGA § 16-1-5. As the State failed to prove the existence of the applicable ordinance, it also failed to establish what acts constituted a violation thereof. Absent proof of the ordinance, the essential elements of the alleged offense of public drunkenness cannot be shown. Accordingly, the evidence was insufficient to support the conviction, and the conviction must be reversed.

2. The State also failed to prove venue was proper in Troup County. Our Supreme Court has held that "venue must be established beyond a reasonable doubt. However, when the evidence is not conflicting and when no challenge to venue is raised at trial, slight evidence is sufficient to prove venue." (Citations omitted.) *Minter v. State*, 258 Ga. 629 (1) (373 SE2d 359) (1988).

The only witness at trial, Officer Kennedy of the LaGrange Police Department, testified that the incident in question occurred at "107 Morris Hill," but did not testify that such address was located in Troup County or in the City of LaGrange. No other evidence was offered regarding venue.[1] In *Mega v. State*, 220 Ga. App. 481 (469 SE2d 771) (1996), we reversed a conviction on similar facts. The only evidence of venue in *Mega* was the police officer's testimony that the incident occurred at " 'Sweetwater Package Store, 2084 South Cobb Drive.' " Id. at 482 (1). We held that this Court may not take judicial notice that a street address lies within a particular county. We also held that the officer's testimony that he was an investigator for the Cobb County Police Department was insufficient to allow the jury to infer that the address was located in Cobb County. Id.

For the reasons set forth in *Mega*, the evidence was insufficient

---

[1] The accusation stated that the offense occurred in Troup County. However, the accusation does not constitute evidence. See *Chambers v. State*, 159 Ga. App. 669, 670 (2) (284 SE2d 682) (1981) (indictment not evidence).

to establish that venue was proper in Troup County.

*Judgment reversed. Pope, P. J., and Johnson, J., concur.*

DECIDED JULY 30, 1997.

*Patterson & Patterson, Jackie G. Patterson, Yasma M. Patterson,* for appellant.

*Louis J. Kirby, Solicitor,* for appellee.