## A97A2486. JOINER v. THE STATE.
(497 SE2d 642)

SMITH, Judge.

Brenda Joiner was convicted following a bench trial in Troup County of DUI and driving with a suspended license. Joiner appeals, raising for the first time on appeal her sole contention that the State failed to prove venue beyond a reasonable doubt. We do not agree.

Criminal actions generally must be tried in the county where the crime occurred. OCGA § 17-2-1 (a). Proof of venue is an essential element in proving guilt in a criminal case, and " '[l]ike every other material allegation in the indictment it must be proved beyond a reasonable doubt.' [Cits.]" *Thayer v. State*, 189 Ga. App. 321, 322 (1) (376 SE2d 199) (1988). But when the evidence does not conflict and no challenge to venue is made at trial, slight evidence is sufficient to prove venue. *Minter v. State*, 258 Ga. 629 (373 SE2d 359) (1988).

Here, the evidence presented showed that an on-duty officer of the Troup County Sheriff's Office responded to a call concerning a domestic dispute. When he reached the residence where the altercation had occurred, he spoke with Joiner and noticed that she appeared to be intoxicated. Joiner asked him "continuously . . . to take her to the store to purchase some type of alcoholic beverage." The officer refused to comply with Joiner's request and told her not to drive. After investigating the altercation, the officer left the residence, drove to a service station, parked his car, and began to prepare his report concerning the incident. While writing the report, he saw Joiner, who waved and smiled at him, drive a vehicle into the same parking lot. Knowing that Joiner had appeared intoxicated and that he had told her not to drive, the officer stopped her, performed field sobriety tests, and arrested her. He also took her to the LaGrange Police Department and administered an Intoxilyzer test.

In this case, as in *Hunter v. State*, 191 Ga. App. 219, 220 (381 SE2d 525) (1989), "the State is at least entitled to an inference" that the officer acted within his territorial jurisdiction, Troup County. There is no contention that he acted outside that jurisdiction, and "[i]t is a well settled principle that public officials shall be presumed to have performed their duties unless clearly proven otherwise." (Citations and punctuation omitted.) Id. This rule has been followed on numerous occasions. See *Hamilton v. State*, 228 Ga. App. 285 (491 SE2d 485) (1997); *Sawyer v. State*, 217 Ga. App. 406, 409 (2) (457 SE2d 685) (1995); *In the Interest of T. S.*, 211 Ga. App. 46, 47 (2) (438 SE2d 159) (1993); *Shannon v. State*, 205 Ga. App. 831, 834 (6) (424 SE2d 51) (1992); *Beard v. State*, 193 Ga. App. 877 (1) (389 SE2d 384) (1989); *Williams v. State*, 193 Ga. App. 630, 632 (2) (388 SE2d 884) (1989). See also *Minter*, supra (evidence that Griffin police department investigated case satisfied slight evidence requirement).

Joiner does not contend that venue was improper in Troup County but instead argues that the State presented insufficient evidence of venue. She claims the only evidence of venue presented by the State was that the offense occurred on "Vernon Ferry Road." But this case is factually and legally similar to *Hunter*. Evidence was presented here that the investigating and arresting officer worked for the Troup County Sheriff's Office and was on duty on the day he made the arrest. Further, the officer took Joiner to the LaGrange Police Department to administer the Intoxilyzer test. This evidence was sufficient to permit an inference that the officer was acting with authority and within the scope of his duties, and the evidence therefore supports a finding that the offenses of which Joiner was accused occurred in Troup County. See, e.g., *Hamilton, Hunter, Sawyer, Shannon*, supra.

We recognize a line of authority that seems to conflict with *Hunter*, supra. In *Calloway v. State*, 227 Ga. App. 775, 776 (2) (490 SE2d 521) (1997), we relied upon *Mega v. State*, 220 Ga. App. 481 (469 SE2d 771) (1996) and concluded that venue in a particular county was not sufficiently shown by the State, even though the investigating officer worked for that county's police department. *Calloway*, supra. In *Mega*, the investigating officer similarly testified that she was employed by her county police department, but we cited *Perry v. State*, 154 Ga. App. 559 (269 SE2d 63) (1980), concluding that the State failed to meet its burden concerning venue. In *Perry*, this Court found the State's evidence of venue in Sumter County insufficient despite evidence concerning the affiliation with the Sumter County Sheriff's Office of the investigating officers and the fact that the officers took defendant to the Sumter County Sheriff's Department. Id.

We believe the correct rule is that found in *Hunter*, supra, and its progeny. *Perry* was decided eight years before the Supreme Court issued *Minter*. And the Court in *Minter* did rely in part on the investigating officers' affiliation with the Griffin Police Department in concluding that venue in Spalding County was shown by the State. In addition, this Court in opinions such as *Perry, Mega*, and *Calloway* required more than the "slight evidence" held sufficient in *Minter*.

More significantly, refusal to apply the rule found in *Hunter* — that law enforcement officers investigating a crime generally act with authority and therefore within their jurisdiction — could implicitly lead to an assumption that those officers do *not* so act. In other words, ignoring evidence that investigating or arresting officers acted within their capacities as agents of particular city or county law enforcement departments raises a logical presumption that those officers acted outside their jurisdiction. We do not believe this Court intended to question the actions of law enforcement officials in this

manner. Accordingly, to the extent that *Perry, Mega,* and *Calloway* provide authority for the proposition that venue can never be shown by evidence concerning an investigating officer's affiliation with a county or city law enforcement unit, they are overruled.[1]

While we appreciate the dissent's concern that the decisions of this Court not further undermine the reasonable doubt standard in criminal prosecutions, a review of the history of the "slight evidence" rule in Georgia demonstrates that from as early as 1886, our courts have held that slight evidence is sufficient to prove venue when evidence is not in conflict on this issue. See *Porter v. State,* 76 Ga. 658, 660 (2) (1886). See also *Baker v. State,* 55 Ga. App. 159 (189 SE 364) (1937), citing *Johnson v. State,* 62 Ga. 300, 301 (1) (1879) as precedent for the "slight evidence" rule. In *Dickerson v. State,* 186 Ga. 557 (199 SE 142) (1938), the Supreme Court discussed at length the requirements for proving venue. While reiterating the reasonable doubt requirement, the *Dickerson* court concluded that the evidence regarding venue was sufficient. Because no evidence was presented indicating that the crime occurred in another county, the court concluded that "[a]ny such hypothesis [that the crime occurred in another county] would be mere conjecture, unsupported by evidence or any reasonable inference deducible therefrom." Id. at 563. In light of the history of this debate, the dissent's concern with the perceived erosion of reasonable doubt in this context appears misplaced.

*Judgment affirmed. Andrews, C. J., McMurray, P. J., Birdsong, P. J., Pope, P. J., Beasley, Johnson, Blackburn and Eldridge, JJ., concur. Ruffin, J., dissents.*

RUFFIN, Judge, dissenting.

"Everything is simpler than we can think, and at the same time more complicated than we can comprehend. . . ."[2]

Because the "slight evidence" rule, as well as the "any evidence" standard, is improperly eroding the reasonable doubt standard concerning proof of venue, I respectfully dissent.

1. Under both the United States Constitution and the Constitution of Georgia, all criminal cases must be tried where the crime is committed. U. S. Const., Art. 3, Sec. 2, Cl. 3; U. S. Const., Amend. VI;

---

[1] This is not to say that venue may *always* be sufficiently shown by evidence that an investigating officer worked for a particular city or county law enforcement agency; it is conceivable that factual situations may arise when such evidence does not constitute even slight evidence. But when, as here, the evidence shows that the investigating officer was on duty for a specified county sheriff's office, and no question is raised concerning whether he acted within the scope of his employment, the State should be entitled to an inference, which the trier of fact can accept or reject, that the officer performed his duties in accordance with the law and within his jurisdiction under the rule of *Hunter,* supra.

[2] Johann W. Von Goethe (1749-1832).

Ga. Const. of 1983, Art. VI, Sec. II, Par. VI. The United States Supreme Court has observed that venue is a matter that touches "closely the fair administration of criminal justice and public confidence in it," and commanded that we do not treat venue as "merely [a matter] of formal legal procedure." *United States v. Johnson*, 323 U. S. 273, 276 (65 SC 249, 89 LE 236) (1944). See also *Brinkworth v. State*, 222 Ga. App. 288, 289 (474 SE2d 9) (1996) (Ruffin, J., dissenting).

In Georgia, it is well established that " 'venue is an essential element in proving guilt in a criminal case' " and thus must be proven beyond a reasonable doubt.[3] *Thayer v. State*, 189 Ga. App. 321, 322 (1) (376 SE2d 199) (1988), citing *Bush v. Chappell*, 225 Ga. 659, 660 (171 SE2d 128) (1969); *Minter v. State*, 258 Ga. 629 (1) (373 SE2d 359) (1988); OCGA § 16-1-5. See also *Rowland v. State*, 90 Ga. App. 742, 743-744 (1) (84 SE2d 209) (1954) (venue is a jurisdictional fact that must be proved clearly and beyond a reasonable doubt); *Jones v. State*, 220 Ga. App. 161, 162 (2) (469 SE2d 300) (1996) (venue, a jurisdictional fact, must be proven beyond a reasonable doubt); *Futch v. State*, 90 Ga. 472, 476 (16 SE 102) (1892) (again, venue is a jurisdictional fact and must be established clearly and beyond reasonable doubt).

However, coexisting with this well-established principle is the theory that when venue is not contested, slight evidence may be sufficient to prove venue. *Rowland*, supra; *Minter*, supra. While the effect of this "slight evidence" rule has been to undermine the reasonable doubt standard, or push it aside, it does not appear that forging a new standard of proof was intended by the appellate courts. For example, in *Womble v. State*, 107 Ga. 666, 669 (3) (33 SE 630) (1899), the Supreme Court of Georgia, in deciding whether venue had been proven, stated that "all the evidence relating to the venue tends to show that the offense charged against the accused, if committed at all, was committed in the county of Upson. There was no evidence *in the slightest degree* tending to show that it was committed elsewhere. We therefore think the venue was sufficiently established. [Cits.]" (Emphasis supplied.) Essentially, the Court was stating that in this particular instance, where there was no evidence to show otherwise, venue was established by the evidence presented beyond a reasonable doubt. The problem with following the majority opinion, of course, is that the defendant does not have to put up *any* evidence, and the

---

[3] Federal courts have concluded that venue need be proven only by a preponderance of the evidence. See *United States v. London*, 714 F2d 1558, 1564 (11th Cir. 1983). Furthermore, other states are divided as to whether venue must be established beyond a reasonable doubt or by a preponderance of the evidence. See Wharton's Criminal Evidence, Vol. 1, § 16 (14th ed. 1985); 67 ALR3d 988.

State still has the burden of proving venue beyond a reasonable doubt. Additionally, once the defendant has entered a plea of not guilty, the burden of proof is on the State, at that time, to prove each and every element of the crime charged beyond a reasonable doubt.

Moreover, the Supreme Court of Georgia in *Musselwhite v. State*, 217 Ga. 755 (125 SE2d 46) (1962), employed the "slight evidence" rule as incorporated within the reasonable doubt standard. " 'It may be stated as a rule that the venue in criminal cases is a matter of jurisdictional fact, and like every other material allegation in the indictment must be proved beyond a reasonable doubt. . . .' [Cits.] 'Evidence as to venue, though slight, is sufficient where there is no conflicting evidence.' [Cits.] 'When all of the evidence introduced on the trial of a criminal case strongly and decidedly tended to show that the offense was committed in the county where the trial was had, and there was no evidence warranting even a bare conjecture that it was committed elsewhere, it will be held that the venue was sufficiently proved.' [Cits.]" Id. at 757.

Accordingly, the "slight evidence" rule was not meant to abrogate the reasonable doubt standard, but to explain that in certain situations slight evidence of venue may be all that is necessary to prove venue beyond a reasonable doubt. However, I believe that the propounding of this "slight evidence" rule was unnecessary, and as I mentioned in my dissent in *Brinkworth*, diminishes the State's burden without reason. 222 Ga. App. at 291. The State is required to produce competent evidence of venue, and "[i]t is then for the factfinder to decide whether he or she is persuaded beyond a reasonable doubt that the State has proven venue. [Cit.] . . . Whether the factfinder is persuaded by only slight evidence or some greater amount of proof should not be a matter of rules. . . . The rule allowing venue to be proven by only slight evidence is at best superfluous, and only clouds the law concerning the State's burden of persuasion. . . ." Id. The slight evidence rule, I believe, improperly places a burden on a defendant to produce evidence as to an essential element of the crime; for otherwise, the State may meet its burden of proving venue with only slight evidence. See id.

2. In light of the above, I do not find it necessary to overrule *Mega v. State*, 220 Ga. App. 481 (469 SE2d 771) (1996); *Calloway v. State*, 227 Ga. App. 775, 776 (2) (490 SE2d 521) (1997), and *Perry v. State*, 154 Ga. App. 559 (1) (269 SE2d 63) (1980), as those cases properly relied on the reasonable doubt standard in concluding that venue had not been established. While I agree with the majority in the instant case that the State is at least entitled to an inference that the arresting officer acted with authority, which would be within the county where defendant was tried, I also believe that allowing the State to prove venue "by simply showing that the crime was investi-

gated by an officer of the forum county" improperly "absolves the State of its burden to prove venue." *Hunter v. State*, 191 Ga. App. 219, 221 (381 SE2d 525) (1989) (McMurray, P. J., dissenting).

The fact that *Perry* was decided several years before *Minter* is of no consequence. The requirement that venue be proven by the State beyond a reasonable doubt, as well as the theory that slight evidence may prove venue beyond a reasonable doubt when there is no conflicting evidence, pre-existed *Perry* as well as *Minter*. *Minter* did not establish a new rule of law.

Additionally, the majority appears to state that if we do not accept as slight evidence of venue the inference that an arresting officer was acting within the scope of his duties, we are concluding, or making an assumption, that the arresting officer did not so act. I disagree. The inference that an officer was performing properly his duties at the time of the arrest can be used in proving venue. However, it is not necessarily the only evidence that need be shown to establish even slight evidence of venue. And in many situations, such as in *Perry*, *Mega*, and *Calloway*, the arresting officer's employment status was insufficient to prove venue beyond a reasonable doubt.

Finally, I believe the instant case is more akin to *Mega*, *Perry*, and *Calloway* than to the cases cited by the majority to support its finding that venue was proven by slight evidence. Here, the only evidence of venue is that the offense occurred on Vernon Ferry Road and that the officer worked for the Troup County Sheriff's Office. The Court cannot logically infer or take judicial notice of the fact that Vernon Ferry Road was located wholly within Troup County or that the arrest occurred in that county.[4] The sole fact that the arresting officer worked for Troup County, without more, does not provide even slight evidence supporting proof of venue beyond a reasonable doubt.

3. I also respectfully dissent because the majority, by utilizing the "slight evidence" rule, has in effect employed the "any evidence" standard of review as to the issue of venue, which I believe violates the United States Supreme Court's decision in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The "any evidence" standard for reviewing venue determinations

---

[4] While judicial notice may be taken that the intersection of certain streets is located within the jurisdiction of the court, there is no corresponding authority that judicial notice may be taken that a particular street is located within a particular county. *Mega*, supra; 67 ALR3d 988, 993. In cases cited by the majority, *Hamilton v. State*, 228 Ga. App. 285 (491 SE2d 485) (1997), *Sawyer v. State*, 217 Ga. App. 406, 409 (2) (457 SE2d 685) (1995), and *Beard v. State*, 193 Ga. App. 877 (1) (389 SE2d 384) (1989), the evidence concerning venue consisted of where the officer worked along with the alleged offense occurring at the intersection of two roads. This is different from the instant case, *Mega*, *Perry*, and *Calloway*, where the evidence at most showed the arresting officer's or officers' employment status and the name of a street or street address where the alleged offense occurred.

appears to have originated in *Johns v. State*, 239 Ga. 681, 682 (1) (238 SE2d 372) (1977). The Supreme Court of Georgia in *Johns* stated, without any supporting authority, that "[t]he question of venue is to be decided by the jury and its decision as to venue will not be set aside where there is *any evidence* to support it." (Emphasis supplied.) Id. Subsequent cases from the Supreme Court and this Court have relied on this standard. See, e.g., *Alderman v. State*, 241 Ga. 496, 509 (5) (246 SE2d 642) (1978); *Etchison v. State*, 149 Ga. App. 866 (1) (256 SE2d 148) (1979); *Patterson v. State*, 157 Ga. App. 233, 234 (276 SE2d 900) (1981); *Ludden v. State*, 176 Ga. App. 109, 111 (3) (335 SE2d 428) (1985).

In direct contrast to this "any evidence" standard is the holding in *Jackson v. Virginia*. The issue in *Jackson v. Virginia* was "not whether there was *any* evidence to support a state-court conviction, but whether there was sufficient evidence to justify a rational trier of [fact] to find guilt beyond a reasonable doubt." Id. at 312-313. Relying on its holding in *In the Matter of Winship*, 397 U. S. 358 (90 SC 1068, 25 LE2d 368) (1970), the United States Supreme Court in *Jackson v. Virginia* noted that "the Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case against conviction 'except upon proof beyond a reasonable doubt of *every fact necessary to constitute the crime* with which he is charged.' [Cit.]" (Emphasis supplied.) Id. at 315. Venue, as earlier established, is an essential element of a crime. *Thayer*, supra.

The *Jackson v. Virginia* court concluded that "[a]ny evidence that is relevant — that has any tendency to make the existence of an element of a crime slightly more probable than it would be without the evidence [cit.] — could be deemed a 'mere modicum.' " Id. at 320. While a "mere modicum" of evidence may satisfy a "no evidence" standard, as concluded in *Thompson v. Louisville*, 362 U. S. 199 (80 SC 624, 4 LE2d 654) (1960), it cannot "seriously be argued that such a 'modicum' of evidence could by itself rationally support a conviction beyond a reasonable doubt. The *Thompson* doctrine simply fails to supply a workable or even a predictable standard for determining whether the due process command of *Winship* has been honored." Id.

Accordingly, the use of the "any evidence" standard to determine the sufficiency of evidence concerning venue clearly violates *Jackson v. Virginia*, which requires that all essential elements of a crime be proven beyond a reasonable doubt. The existence of a "mere modicum" of evidence, such as an arresting officer's status, cannot seriously be considered as meeting the reasonable doubt standard as to the element of venue. With due respect to the Supreme Court of Georgia decisions that have utilized the "any evidence" standard in regard to venue, I believe that all such cases should be reconsidered inasmuch as they appear to violate *Jackson v. Virginia*. There is

nothing as noble as law when it is right; there is nothing as ignoble as law when it is wrong.

In summary, to the extent the majority in the instant case relies on the "slight evidence" rule and the "any evidence" standard, and avoids determining whether venue was proven beyond a reasonable doubt, I dissent.

DECIDED MARCH 10, 1998.

*Patterson & Patterson, Jackie G. Patterson, Yasma Patterson*, for appellant.

*Louis J. Kirby, Solicitor*, for appellee.