A99A2359. HENDRIX v. THE STATE.
(530 SE2d 804)

POPE, Presiding Judge.

Johnny Hendrix challenges his conviction of aggravated battery on the grounds that the State failed to prove venue and that the trial court improperly limited cross-examination. Because we find that venue was established under OCGA § 17-2-2 and that the court did

not abuse its discretion regarding the scope of cross-examination, we affirm.

Construed in favor of the verdict, the facts show that Hendrix picked up his ex-girlfriend, Mamie Moore, from her cousin's home in Chatham County. He told her that her son had been shot, and he offered to drive her to see him. Moore testified that the two "started like we was going to Metter and then we stopped on Derenne and White Bluff to the service station" and got gas. Then "we started going down 16," and after some time he grabbed her hair and "started beating her" while he was driving. At one point he pulled over "to the side of 16," but then continued. Then, "he pulled off on Ash Branch Road and . . . and started beating me more. . . ." Hendrix then pulled her back into the van, and as they were coming "back into town," "he kept on beating me in my face. . . ." He then took her to his home on Dean Forest Road, but she did not testify to any beating there. Testimony and photographs introduced at trial revealed that Moore's eye was severely bruised and swollen as a result of the incident.

1. In general, criminal actions must be tried in the county where the crime was committed. OCGA § 17-2-2. Our Supreme Court has held that "venue must be established beyond a reasonable doubt." *Minter v. State*, 258 Ga. 629 (1) (373 SE2d 359) (1988). Although slight evidence is sometimes sufficient to prove venue, that rule is applied only "when the evidence is not conflicting and when no challenge to venue is raised at trial." Id. *Graves v. State*, 269 Ga. 772, 773 (1) (504 SE2d 679) (1998). Here Hendrix moved for a directed verdict, arguing that the only evidence showed that the crime occurred on Ash Branch Road, which he claims is located in Bryan County.

The record in this case is woefully short of evidence showing in what county the crime occurred. First, although the parties appear to agree that the Ash Branch Road exit of Highway 16 is located in Bryan County, there is no evidence in the record of that fact. Second, Moore's testimony does not indicate whether any of the beating occurred in Chatham County. The record does not reflect whether the gas station is in Chatham County, and we cannot take judicial notice that a particular street or address is located within a particular county. *Mega v. State*, 220 Ga. App. 481, 482 (1) (469 SE2d 771) (1996), overruled on other grounds, *Joiner v. State*, 231 Ga. App. 61, 63 (497 SE2d 642) (1998).

The only evidence is that the drive began in Chatham County and continued on State Highway 16 and that the beating occurred somewhere along the route. This Court may take judicial notice of the statutorily mandated official state highway map. *Jordan v. State*, 212 Ga. 337, 340 (1) (92 SE2d 528) (1956) (former Ga. Code Ann. § 95-1608; see OCGA §§ 32-4-1; 32-4-2). The official state highway

map shows that Highway 16 originates in Savannah in Chatham County, then proceeds through Effingham, Bryan, and Bulloch Counties, and beyond. Moore testified at one point that the whole episode lasted "about three hours, or maybe longer." Thus, the two could have driven through three or more counties on Highway 16 in that time. Indeed, Hendrix testified that he turned his van around at the exit for State Highway 119, which is located — according to the official state highway map — near the border of Bryan and Bulloch Counties. And some evidence was presented that Ash Branch Road is even farther to the west.

Application of two subsections of OCGA § 17-2-2 resolves this appeal. OCGA § 17-2-2 (h) provides: "If in any case it cannot be determined in what county a crime was committed, it shall be considered to have been committed in any county in which the evidence shows beyond a reasonable doubt that it might have been committed." Further, if a crime is committed in a car traveling within the state,

> and it cannot readily be determined in which county the crime was committed, the crime shall be considered as having been committed in any county in which the crime could have been committed through which the railroad car, vehicle, watercraft, or aircraft has traveled.

OCGA § 17-2-2 (e).

This crime occurred in a car traveling across several counties and continued as the car headed "back into town," i.e., Savannah and Chatham County. It cannot precisely be determined in which county or counties the beating occurred. But, the evidence shows beyond a reasonable doubt that the crime might have been committed in Chatham County. Venue was appropriate in that county under OCGA § 17-2-2 (e) and (h). See, e.g., *Moss v. State*, 160 Ga. App. 42 (1) (285 SE2d 776) (1981).

Because we have concluded that there was sufficient evidence of venue under OCGA § 17-2-2, Hendrix's enumeration that his trial counsel should have moved for a directed verdict on this point at the end of the State's case is moot.

2. Construed in favor of the verdict, the evidence was sufficient to support the verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. The trial court did not err in limiting Hendrix's cross-examination of Moore.

Hendrix's attorney questioned Moore about her rocky relationship with Hendrix. When he asked her if she had ever hit Hendrix, the State objected to the relevance of the question, and the court sustained the objection.

A trial court has the discretion to limit the scope of cross-examination. *Givens v. State*, 264 Ga. 522, 523 (2) (448 SE2d 687) (1994). Absent abuse, the court's discretion will not be disturbed on appeal. *Sweeney v. State*, 233 Ga. App. 862, 866 (6) (506 SE2d 150) (1998).

Hendrix's defense was that he did not hit Moore, not that he was justified in doing so. He testified that he did not remember striking the victim, that he did not injure her, and that he did not see any bruises on her after the trip. Because he was not claiming justification, specific acts of violence against him by the victim are not relevant. *Brown v. State*, 270 Ga. 601, 602 (2) (512 SE2d 260) (1999); *Johnson v. State*, 270 Ga. 234, 235-236 (3) (507 SE2d 737) (1998). We find no abuse of discretion.

*Judgment affirmed. Smith and Miller, JJ., concur.*

DECIDED MARCH 9, 2000.

*Orin L. Alexis*, for appellant.
*Spencer Lawton, Jr., District Attorney, Melanie Higgins, Assistant District Attorney*, for appellee.

