## A03A0993. SCHOFIELD v. THE STATE.
### (582 SE2d 11)

BLACKBURN, Presiding Judge.

Following his conviction by a jury of armed robbery, aggravated assault, and hijacking a motor vehicle, Brandon Schofield appeals, arguing that venue was not proven beyond a reasonable doubt. For the reasons set forth below, we affirm.

> Generally, a criminal action must be tried in the county in which the crime was committed, and the State may establish venue by whatever means of proof are available to it, including direct and circumstantial evidence. As an appellate court, we view the evidence in a light most favorable to support the verdict and determine whether the evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that the crime was committed in the county where the defendant was indicted.

(Citations omitted.) *Chapman v. State.*[1]

Viewing the evidence in a light to support the jury's verdict, the record shows that on the night of June 15, 1999, Herman Holt, a taxi driver and the victim in this case, was dispatched to an apartment complex to pick up a passenger. When he arrived, Schofield came from behind an apartment building at 2625 Charlestown Drive, entered the back of the cab, and said he wanted to go to Riverdale. Holt refused to drive until Schofield showed him that he had money for the fare. Schofield bent over as if to retrieve some money from his sock and suddenly hit Holt in the back of the head. Schofield then came at Holt with a knife. After a struggle, in which he suffered multiple stab wounds, Holt managed to escape from the cab. Schofield jumped into the driver's seat and drove away at a high rate of speed.

At trial, Holt testified that he responded to a call to apartment 15A at 2625 Charlestown Drive and that it was at this location that he was assaulted and robbed. A witness, who went to Holt's aid after he escaped from the cab, identified the location of the crimes as 2625 Charlestown Drive. Officer George Williams, who responded to the call, took the stand and on direct was asked, "And when you responded to 2625 Charlestown Drive in College Park, Georgia, 2625 Charlestown Drive is located in which county?" Williams replied, "Fulton County. Fulton County." The evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that the crimes were committed in Fulton County. *Walker v. State.*[2]

---

[1] *Chapman v. State*, 275 Ga. 314, 317 (4) (565 SE2d 442) (2002).
[2] *Walker v. State*, 245 Ga. App. 693, 694 (3) (538 SE2d 563) (2000).

Schofield observes that, earlier in his testimony, Williams stated that College Park is located in Fulton County. Schofield argues that, since College Park is actually in both Fulton County and Clayton County, venue was not properly established. However, as shown above, Williams's testimony established that a particular location in College Park, i.e., 2625 Charlestown Drive, is in Fulton County.

In further support of his argument that venue was not established beyond a reasonable doubt, Schofield points out that during its opening statement, the State gave the address of the crime scene as 2526, rather than 2625, Charlestown Drive. The fact that the address was misstated has no bearing on whether venue was proved. "The opening statement is not evidence, and the trial judge so instructed the jury." *Highfield v. State.*[3]

Schofield also points out that the State, in its examination of Officer Williams, identified the address of the crime scene as 2625 Charlestown Road rather than 2625 Charlestown Drive. This misstatement concerning the location of the crime scene did not render evidence of venue in this case insufficient. This is not a case where a crime scene was described but its location left unspecified, or where a street address alone was offered as proof of venue without reference to a city or county. Cf. *Mega v. State,*[4] overruled on other grounds, *Joiner v. State;*[5] *Perry v. State,*[6] overruled on other grounds, *Joiner v. State,* supra. In this case, as shown above, the crime scene was identified as being an apartment complex at a particular address. Testimony was given which supported the fact that the crime scene, and the specified address, was in Fulton County. We note both that Schofield could have explored this alleged conflict in the evidence in his cross-examination of Williams, and also that he was free to argue the significance of the alleged conflict to the jury in closing. Any conflict in the evidence created by a misstatement of the address was resolved by the jury, as it is authorized to do, in favor of venue in Fulton County. *Turner v. State.*[7]

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED APRIL 29, 2003.

*Harold S. Gulliver*, for appellant.

---

[3] *Highfield v. State*, 246 Ga. 478, 482 (3) (272 SE2d 62) (1980).
[4] *Mega v. State*, 220 Ga. App. 481, 482 (1) (469 SE2d 771) (1996).
[5] *Joiner v. State*, 231 Ga. App. 61 (497 SE2d 642) (1998).
[6] *Perry v. State*, 154 Ga. App. 559 (1) (269 SE2d 63) (1980).
[7] *Turner v. State*, 213 Ga. App. 77, 79 (2) (443 SE2d 703) (1994).

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney,* for appellee.