S10A1118. DONALD v. THE STATE.
(700 SE2d 390)

MELTON, Justice.

Following a jury trial, Steven Anthony Donald appeals his convictions for felony murder and possession of a firearm,[1] contending that, under the facts of this case, the trial court improperly instructed the jurors that "juries are not bound to believe testimony as to facts incredible, impossible, or imperatively improbable." For the reasons set forth below, we agree and reverse.

1. Viewed in the light most favorable to the verdict, the record shows that, on the evening of October 21, 1998, the victim, John Mullinax, came to the trailer home that Donald shared with his fiancée, who was the victim's sister. Once there, Mullinax started arguing with Donald regarding an unpaid debt while standing outside of the trailer Donald and his fiancée inhabited. At one point, Mullinax followed Donald into the trailer, and, after Donald's fiancée told Mullinax that she did not wish to speak to him, Donald retrieved a gun and ordered Mullinax to leave. Mullinax did not do so, and Donald opened fire. Donald ultimately shot Mullinax four times, killing him. After shooting Mullinax, Donald placed a knife in Mullinax's hand, and he lied to police that Mullinax had been brandishing the weapon prior to the shooting. Donald later admitted this lie, and he maintained that he planted the knife because he did not believe that police would believe that he acted in self-defense. At trial, self-defense was Donald's sole basis for fighting the charges

---

[1] On December 29, 1998, Donald was indicted for malice murder, felony murder, and possession of a firearm during the commission of a crime. Following a jury trial, Donald was found guilty of felony murder and possession of a firearm on September 23, 1999. On the same day, Donald was sentenced to life imprisonment for felony murder and five consecutive years for possession of a firearm. Donald filed a motion for new trial on September 28, 1999, and it was denied on October 13, 2006. After Donald made two untimely attempts to appeal, the trial court granted Donald's motion for an out-of-time appeal on March 10, 2010, and Donald filed his notice of appeal the same day. This case was docketed in this Court for the September 2010 term and submitted for decision on the briefs.

against him. He testified that he was afraid of Mullinax based on prior encounters, that Mullinax was enraged and intoxicated, that he was just trying to protect himself and his fiancée (whom Mullinax had recently threatened with physical harm), and that he believed that Mullinax was going to try to take the gun from him at the time of the shooting. The jurors, however, rejected Donald's defense, basing their verdict on the remaining evidence which was sufficient to enable them to determine that Donald was guilty of the crimes with which he was charged beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Based on the facts of this case, however, the trial court erred by giving the following charge to the jurors:

> I charge you that when the accused testifies, he at once becomes the same as any other witness, and his credibility is to be tested by and subjected to the same test[s] as are legally applied to any other witness. In determining the degree of credibility that should be afforded his testimony, the jury may take into consideration the fact that he is interested in the result of the prosecution. I charge you that juries are not bound to believe testimony as to facts incredible, impossible, or imperatively improbable.

This charge stems from language in *Patton v. State*, 117 Ga. 230 (43 SE 533) (1903). There, this Court held:

> Courts and juries are not bound to believe testimony as to facts incredible, impossible, or inherently improbable. Great physical laws of the universe are witnesses in each case, which can not be impeached by man, even though speaking under the sanction of an oath.

Id. We further explained:

> In testing the sufficiency of evidence this court can not consider the credibility of witnesses, that being a matter exclusively for the jury, who note their manner of testifying, and consider the thousand and one things transpiring during a trial, and which can not be photographed or transcribed and transmitted to this court as a part of the record. But while it can not consider the credibility of a witness, it must consider the nature and character of his testimony, whether it is in accord with natural laws, or is improbable, incredible, or seeks to establish facts which are impossible, or which, if not impossible, must in their very

nature be uncertain, vague, indefinite, and insufficient to remove reasonable doubts. Juries act in accordance with this same principle, and often find verdicts contrary to the direct testimony of a witness because their experience demonstrates that what the witness said could not have been true. What to our fathers was impossible is to us matter of course; and while the circle of the possible daily enlarges, yet some things are unchanged and unchangeable. The great physical laws of the universe are witnesses in every case, and can not be impeached by the feeble voice of man, even though he be speaking under the sanction of an oath. A conviction could not be sustained by testimony that water of itself ran up hill, or that a distant object was recognized in the pitch dark, or that a witness recognized the voice of a man whom he had never heard speak, or that at night and in the woods he could tell that one seventy-five yards away had on a dirty shirt, or that he could distinguish whether the rifle was a Winchester or a Martini.

Id. at 234-235. Thus, neither a jury nor a court is required to believe evidence or testimony which defies the laws of nature.

As the Court of Appeals has previously recognized, however,

this exception applies in only extraordinary cases, and only for statements which run contrary to natural law and the universal experience of mankind. Moreover, this charge tends to discredit a witness's testimony in the eyes of the jurors and can confuse the jury as to the real issues.

(Citations and punctuation omitted.) *Stephens v. State*, 245 Ga. App. 823, 826 (4) (538 SE2d 882) (2000).

In this case, although Donald's story may have contradicted testimony from other witnesses regarding the manner in which the shooting took place, it did not contradict the "great physical laws of the universe." Furthermore, the trial court's instruction to the jury likely confused the jury by discrediting Donald's testimony. By immediately giving the instruction regarding incredible or impossible testimony after the charges addressing Donald's self-interest and credibility, the trial court appeared to single out Donald's testimony as the target for the impossibility charge in the eyes of the jurors, thereby discrediting this testimony. In this case, this error cannot be considered harmless, as Donald's testimony that he acted in self-defense was his sole defense at trial. Id. Accordingly, Donald's conviction must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 20, 2010.

*Barbara B. Claridge,* for appellant.

*Ashley Wright, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General,* for appellee.