S13A1016. GIVENS v. THE STATE.
(751 SE2d 778)

BENHAM, Justice.

Appellant Alvando Givens, Sr., was convicted of malice murder for the death of Voncetta Render.[1] On June 4, 2006, the police responded to a suspicious vehicle call and found the victim's body inside her green Pontiac Bonneville parked on the side of a road in Fulton County. The night of her death, the victim had gone out clubbing and then went home with appellant. At trial, appellant's son, who was nine years old at the time, testified he heard a woman screaming from his father's bedroom and the woman saying "Al, stop." The son also heard stomping, hitting and slapping coming from the bedroom. After the noises from the bedroom stopped, the son said he heard appellant drag something toward the side door of the house, and then heard a car door and trunk close. The son saw a green car in front of the house that night which was not there when he got up in the morning. Later on that morning, the son overheard his father talking on the telephone about cleaning up anything that looked suspicious. Appellant's stepdaughter, who was 14 years old at the time, also heard appellant with a woman in his bedroom. The

---

[1] The victim died on June 4, 2006. On September 5, 2006, a Fulton County grand jury returned a true bill of indictment charging appellant with two counts of malice murder, four counts of felony murder, two counts of aggravated assault with a deadly weapon, and two counts of aggravated battery. Appellant was tried before a jury from September 11 through September 13, 2007, and the jury returned a verdict of guilty on all charges. On September 14, 2007, the trial court sentenced appellant to life in prison for malice murder and twenty consecutive years for one count of aggravated assault. Appellant moved for a new trial on October 12, 2007, and amended the motion on October 27, 2010, and on May 13, 2011. The trial court held a hearing on the motion as amended on May 13, 2011. The trial court denied the motion for new trial; however, the trial court amended its sentencing order such that it merged counts two through ten into the malice murder conviction and ordered life sentences on those merged counts to be served concurrently to the life sentence for malice murder. Appellant filed a notice of appeal, and the case was docketed to the April 2013 term of this Court for a decision on the briefs.

stepdaughter heard appellant ask the woman where his money was and the woman answering she did not have it. The stepdaughter heard the woman crying and heard slapping, punching, and crashing sounds (as if someone was falling) coming from appellant's bedroom. Appellant left the room briefly, and the stepdaughter saw appellant come into the living room where she and the son were lying on the couch pretending to sleep, and retrieve a gun from under the couch cushion. When appellant returned to the bedroom, the stepdaughter said the beating began anew. Soon thereafter the sounds from the woman grew faint and then the stepdaughter heard appellant leave the house. Appellant became a suspect in the murder when the children told their mother what they had heard and seen and their mother called police.

Evidence discovered during the investigation showed that the victim's blood DNA was in appellant's bedroom and on the shoes he was wearing on the night in question. The medical examiner testified that the victim received the following injuries at or around the time of death: blunt force trauma of the head and neck; bleeding around the brain; hemorrhaging of the scalp, hemorrhaging of the eyes, and hemorrhaging around the neck and throat muscles; blunt force trauma to the torso and extremities; and abrasions on the head (including the face), torso, arms, and legs. The medical examiner determined that the cause of death was blunt force trauma of the head and neck, noting in particular that the victim's death was caused by a combination of manual strangulation and striking of the head.

Appellant originally told police that he was with his girlfriend on the night in question and had done nothing wrong. At trial, however, appellant testified in his own defense and admitted that he met the victim twice that night at two different clubs, that she came over to his house upon leaving the second club, and that they had sex. During the night, appellant noticed that some cash was missing from his wallet.[2] Appellant testified that when he questioned the victim about taking money from his wallet, she charged at him in a rage, placing "fear in [his] heart." He stated that he did not remember hitting the victim and when asked why he would have hit her, he responded, "To protect myself." Appellant also did not remember moving the victim's body or moving her vehicle. He stated that his memory lapse was due to the fact he had been drinking and taking drugs that night.

---

[2] The stepdaughter testified that prior to going to his bedroom that night, appellant left some cash and a cell phone on a side table next to the living room couch.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. The trial court instructed the jury as follows regarding appellant's trial testimony:

> The defendant has a right to be sworn as a witness and testify [on] his own behalf, which the defendant has done in this case. I charge you that his testimony under oath may be given the same weight as that of any other witness in this case and is governed by the same rules as to credibility as are the other witnesses in this case. It is to be weighed with all other evidence in the case in deciding guilt or innocence.

Citing *Donald v. State*, 287 Ga. 798 (2) (700 SE2d 390) (2010), appellant alleges the trial court erred when it immediately followed the above jury charge with the following instruction on single witness testimony:

> You are not obliged to accept any one witness' testimony even though the testimony is uncontradicted and the witness is not impeached. You may decide because of the witness' bearing and demeanor or because of the inherent improbability of his testimony or for any other reason sufficient to you that such testimony is unworthy of belief.

According to appellant, the sequence of these charges caused confusion to the jury by giving the impression, in violation of OCGA § 17-8-57, that the trial court believed appellant's testimony was not credible. We disagree.

Since appellant failed to contemporaneously object to the jury charges at trial, the matter is subject only to plain error review on appeal. See OCGA § 17-8-58; *State v. Kelly*, 290 Ga. 29 (1) (718 SE2d 232) (2011). Thus, we must consider "whether the instruction was erroneous, whether it was obviously so, and whether it likely affected the outcome of the proceedings." Id. at 33 (citations and punctuation omitted). Here the charges were not obviously erroneous and did not affect the outcome of the proceedings. Indeed, appellant does not and can not contend that the instruction on single witness testimony was an incorrect statement of the law because he requested the charge. His reliance on *Donald v. State* to show the sequence of the charges was plain error is misplaced as the jury charge at issue therein was

unique to that case and was not the same charge given in this case.[3] Specifically, the trial court in *Donald v. State* stated as part of its instruction on the testimony of the accused that the jury was not "bound to believe testimony as to facts incredible, impossible, or imperatively improbable." 287 Ga. at 799. This had an immediate effect of casting the defendant's testimony as not being credible. Id. at 800. No such language was given as part of the instruction on the accused's testimony in this case. Further, when the trial court gave the charge on single witness testimony it spoke generically as to all witness testimony and made no distinction or emphasis as to the creditworthiness of appellant's testimony. It was highly unlikely the jury was confused by these back-to-back charges when rendering its verdict. There was no plain error.

3. Appellant alleges the trial court erred when it gave instructions on criminal intent which he contends alleviated the State's burden to prove specific intent beyond a reasonable doubt. The trial court gave the following charges relevant to this enumeration of error:

> Intent is an essential element of any crime and must be proved by the State beyond a reasonable doubt. Intent may be shown in many ways, provided you, the jury, believe that it existed from the proven facts before you. It may be inferred from the proven circumstances or by acts and conduct or it may be, in your discretion, inferred when it is the natural and necessary consequence of the act. Whether or not you draw such an inference is a matter solely within your discretion.
>
> . . .
>
> Georgia law provides that voluntary intoxication shall not be an excuse for any criminal act. It provides further that if a person's mind when not affected by the intoxicants is capable of distinguishing between right and wrong as well as reasoning and acting rationally and the person voluntarily

---

[3] The charge at issue in *Donald v. State* stated:

I charge you that when the accused testifies, he at once becomes the same as any other witness, and his credibility is to be tested by and subjected to the same test[s] as are legally applied to any other witness. In determining the degree of credibility that should be afforded his testimony, the jury may take into consideration the fact that he is interested in the result of the prosecution. I charge you that juries are not bound to believe testimony as to facts incredible, impossible, or imperatively improbable.

287 Ga. at 799.

deprives himself of reason by consuming intoxicants and while under the influence of such intoxicants the person commits a criminal act, the person is criminally responsible for such acts to the same extent as if the person was sober. Whether or not the defendant in this case was voluntarily intoxicated at or during the times alleged in this indictment is a matter solely for you, the jury, to determine.

Criminal negligence is an act or failure to act which demonstrates a willful, wanton, or reckless disregard for the safety of others who might reasonably be expected to be injured thereby.

Appellant argues that the trial court's giving the charge on criminal negligence sua sponte was plain error because that charge, combined with the two preceding charges quoted above, had the effect of providing the jury with an option to convict appellant on a theory of criminal negligence — specifically that appellant acted with criminal negligence when he became intoxicated and killed the victim — rather than on a theory of malice murder. This argument is without merit. The charge on criminal negligence was a correct statement of the law inasmuch as it sets forth verbatim OCGA § 16-2-1 (b) which, along with subsection (a), sets forth the statutory definition of a "crime." In addition, the jury was informed of the crimes for which appellant was indicted, instructed on the elements of the crimes charged, and instructed that the State had the burden to prove each element of each crime charged beyond a reasonable doubt. We cannot agree with appellant that the trial court's giving the charge on criminal negligence, at whatever point during its overall instructions to the jury, amounted to plain error.

4. Appellant contends trial counsel rendered constitutionally ineffective assistance. In order to prevail on a claim for ineffective assistance of counsel, appellant

must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citations and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007). If a defendant fails to meet his burden on one prong of the two-prong test, then the other prong need not be reviewed by the Court. *Wright v. State*, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012).

(a) Appellant alleges counsel was ineffective for failing to withdraw the charge on single witness testimony and for failing to object when the charge was given immediately after the charge on the accused's testimony. At the motion for new trial hearing, it was shown that counsel made a note to herself to withdraw the charge on single witness testimony, but counsel could not recall why she did not do so. Pretermitting whether such failure to act constituted deficient performance, appellant cannot establish that he was prejudiced thereby for the reasons set forth in Division 2, supra.

(b) Appellant alleges counsel was ineffective for failing to object to the charge on criminal negligence. For reasons stated in Division 3, supra, appellant cannot show prejudice regarding any alleged deficient performance by trial counsel.

5. Appellant contends Count 3 of the indictment for felony murder based on aggravated assault with hands and feet was defective because it did not specifically allege that appellant's hands and feet were deadly weapons. This enumerated error is moot inasmuch as the count of felony murder was vacated as a matter of law upon appellant's conviction for malice murder. *Hoehn v. State*, 293 Ga. 127 (3) (744 SE2d 46) (2013).

6. Appellant alleges the trial court erred when it sentenced appellant to serve, concurrently to his life sentence on malice murder, life sentences on Counts 2 through 10 which were "merged" by the trial court. (See n. 1 herein, supra.) We agree. Since the charges of felony murder were vacated as a matter of law (*Malcolm v. State*, 263 Ga. 369, 373 (434 SE2d 479) (1993)) and the remaining charges merged as a matter of fact, there was no reason for the trial court to sentence appellant on any conviction other than malice murder. Accordingly, the life sentences on Counts 2 through 10 are vacated.

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED NOVEMBER 25, 2013.

*Sheueli C. Wang*, for appellant.
*Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Marc A. Mallon, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ryan A. Kolb, Assistant Attorney General*, for appellee.