**SECOND DIVISION
ANDREWS, P. J.,
MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**December 18, 2014**

# In the Court of Appeals of Georgia

A14A1582. STALEY v. THE STATE.

MCFADDEN, Judge.

After a jury trial, Carlos Sylvon Staley was convicted of burglary, armed robbery, aggravated assault, false imprisonment, and possession of a firearm during the commission of a crime. Staley argues that the trial court erred in charging the jury on aggravated assault, but he did not object to the charge at trial and we find no plain error that would require reversal. Staley also argues that his trial counsel was ineffective in allowing copies of his certified convictions to go to the jury, but the record does not show that this in fact occurred. Accordingly, we affirm.

1. *Facts.*

Viewed in the light most favorable to the verdict, the evidence showed that on November 27, 2009, Tony Lindsey returned home from work to find two men had

broken into his house. The men, who each had a handgun, forced Lindsey to the ground. At that moment, Lindsey's friend Tasha Williams entered the house. One of the men pointed a gun at Williams's head and she also dropped to the ground. The men forced Lindsey and Williams into a back room and fled the house, taking cash, a laptop computer, and Lindsey's Pomeranian puppy.

As the men left, Lindsey called 911 and described them and their location. Lindsey and a friend then attempted to follow the men but abandoned the chase when one of the men shot at them. An off-duty law enforcement officer also saw the men running through the neighborhood and reported their location to dispatch.

Law enforcement officers quickly arrived and soon found Staley hiding in the open garage of a vacant house in the neighborhood, a gun within arm's reach. Lindsey's puppy was found in a nearby yard and his laptop computer was found in a nearby driveway. Lindsey identified Staley as one of the men who had broken into his house, and Staley's fingerprint was on a thumb drive in the laptop computer.

2. *Jury charge.*

Staley argues that the trial court erred in its charge to the jury on aggravated assault. Because Staley did not object to the charge at trial, "the matter is subject only to plain error review on appeal." *Givens v. State*, 294 Ga. 264, 266 (2) (751 SE2d

2

778) (2013) (citations omitted). See OCGA § 17-8-58 (b). In considering whether the giving of a charge was plain error, "we must consider whether the instruction was erroneous, whether it was obviously so, and whether it likely affected the outcome of the proceedings." *Givens*, 294 Ga. at 266 (2) (citation and punctuation omitted).

> The trial court gave an erroneous charge on aggravated assault. He charged:

> A person commits the offense of aggravated assault when that person assaults a person *with a deadly weapon with the intent to murder, rape or rob*. To constitute such an assault actual injury to alleged victim need not be shown. It is only necessary that the evidence showed beyond a reasonable doubt that the defendant intentionally committed an act that placed the alleged victim in reasonable fear of receiving or immediately receiving a violent injury. I charge you that a firearm when used as such is a deadly weapon as a matter of law.

(Emphasis supplied.) The above-emphasized language in the charge incorrectly suggested that a person assaulting with a deadly weapon must *also* have the intent to murder, rape, or rob. Contrary to that incorrect suggestion, a person commits the offense of aggravated assault, among other methods, when he or she assaults "[w]ith intent to murder, to rape, or to rob," OCGA § 16-5-21 (b) (1), *or* "[w]ith a deadly weapon[.]" OCGA § 16-5-21 (b) (2).

3

Nevertheless, there was no plain error. Staley argues that the charge permitted the jury to find him guilty of aggravated assault by a method not alleged in the indictment. See *Richardson v. State*, 276 Ga. 548, 551 (2) (b) (580 SE2d 224) (2003) ("The potential for reversible error occurs when the indictment specifies the commission of a crime by only one of several methods possible under the statute . . . and the entire Code section is charged.") (citation omitted). But that is not what the charge did. The indictment alleged that Staley committed the offense of aggravated assault by "mak[ing] an assault upon the person of T[a]sha Williams, with a certain handgun, a deadly weapon, by pointing it at her"; the charge required the jury to find that Staley committed aggravated assault by that method: with a deadly weapon. The charge erred in placing on the state the extra burden of showing that, in addition to assaulting with a deadly weapon, Staley *also* assaulted with the intent to murder, rape, or rob.

A variety of things might be said about an appellant's contention that the trial court erred by placing an unwarranted burden on the appellee. In the present case, it is enough to say that, as Staley was convicted of aggravated assault, this additional burden on the state cannot be deemed to have "likely affected the outcome[.]" *Givens*,

4

294 Ga. 266 (2) (citation and punctuation omitted). Consequently, there was no plain error. Id. at 267 (2).

3. *Ineffective assistance of counsel.*

Staley argues that his trial counsel was ineffective in failing to object when copies of his prior convictions went to the jury for their deliberations. The record, however, does not show that this occurred. Staley asserts in his brief that "[t]he prior convictions went to the jury as Exhibits 78-84." But the record reflects that these exhibits were not tendered or marked until the sentencing phase of the trial, after the jury had deliberated, rendered a guilty verdict, and been released. Consequently, Staley has not met his burden of showing either that his trial counsel rendered deficient performance or that he was prejudiced thereby. See generally *Batten v. State*, 295 Ga. 442, 445 (3) (761 SE2d 70) (2014) (discussing "heavy" burden placed on appellant to demonstrate that he received ineffective assistance of trial counsel).

*Judgment affirmed. Andrews, P. J., and Ray, J., concur*.