**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 18, 2018**

# In the Court of Appeals of Georgia

A18A0163. SLAUGHTER v. THE STATE.

BETHEL, Judge.

Jerome Slaughter appeals the denial of his motion for a new trial following his convictions for one count each of rape, incest, and child molestation. Slaughter argues that the trial court erred because the State failed to prove venue as to all charges beyond a reasonable doubt, the jury was erroneously charged on venue, and he received ineffective assistance. For the reasons that follow, we affirm.

"On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence." *State v. Robinson*, 275 Ga. App. 117, 117 (619 SE2d 806) (2005) (citation omitted). So viewed, the record shows that the victim, K. S., lived with her mother and saw her father, Slaughter, on weekends. K. S. testified that beginning

when she was eight years old, her father would touch her private parts and have sexual intercourse with her, sometimes physically restraining her. These assaults occurred in DeKalb and Fulton county. The abuse continued for many years through the time K. S. turned twelve and reached sixth grade. K. S.'s three-year-old sister, T. S., also demonstrated signs of abuse. For instance, while showering with K. S., T. S. attempted to touch K. S.'s private parts. When asked who had showed T. S. how to do such a thing, T. S. responded "My daddy did." K. S. eventually disclosed the abuse to her aunt, and then her mother. A physical examination of K. S. revealed that she had contracted a sexually transmitted infection. Slaughter was indicted on one count each of rape, child molestation, and incest. A jury found Slaughter guilty of all charges. Slaughter filed a series of motions for a new trial, which the trial court denied, and this appeal followed.

1. Slaughter first argues that the State failed to prove venue in Fulton County for each of the charges beyond a reasonable doubt and that his motion for directed verdict and for a new trial should have been granted on these grounds. We disagree.

> Our Georgia Constitution requires that venue in all criminal cases must be laid in the county in which the crime was allegedly committed. Venue is a jurisdictional fact, and an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the

2

indictment, venue must be proved by the prosecution beyond a reasonable doubt. Proof of venue is a part of the State's case, and the State's failure to prove venue beyond a reasonable doubt renders the verdict contrary to law, without a sufficient evidentiary basis, and warrants reversal.

*Jones v. State*, 272 Ga. 900, 901-902 (2) (537 SE2d 80) (2000) (footnotes and citations omitted). The State may use direct or circumstantial evidence to meet its burden. *Id.* at 902-903 (2).

While K. S. testified that her father first began abusing her while he lived with her aunt (who resided in DeKalb County), K. S. testified that the abuse continued to her father's residence that he shared with his then-girlfriend. A detective testified that her father's residence was "646 Abner Street Southwest, Atlanta," which he testified was located in Fulton County.

Slaughter states that the detective's testimony as to his address was a mistake, as his correct address was actually "646 Atwood Street." Slaughter argues that the detective's mistake in identifying Slaughter's specific street address means that there is no evidence supporting venue. Slaughter's argument is incorrect. "This is not a case where a crime scene was described but its location left unspecified, or where a

street address *alone* was offered as proof of venue *without reference to a city or county.*" *Schofield v. State*, 261 Ga. App. 70, 71 (582 SE2d 11) (2003) (emphasis added). Rather, the detective testified that the crime scene was in Atlanta and in Fulton County. And another witness testified as to the correct street address for Slaughter. We note both that Slaughter could have explored this alleged conflict in the evidence in his cross-examination of the detective, "and also that he was free to argue the significance of the alleged conflict to the jury in closing. Any conflict in the evidence created by a misstatement of the address was resolved by the jury . . . in favor of venue in Fulton County." *Id.* at 71 (citation omitted). Therefore, the trial court did not err in denying Slaughter's motion for directed verdict and motion for a new trial on these grounds.

2. Slaughter next argues that the trial court committed plain error in charging the jury on venue because it included in its instruction language that was inapplicable to the case. More specifically, Slaughter objects to the portion of the jury instruction that provided: " . . . and a prosecution in any case in which it cannot be determined in what county the crime was committed, venue is proper and may be proved in any county in which the evidence shows beyond a reasonable doubt that it might have

4

been committed . . . ." The State concedes this portion of the jury instruction was inapplicable.

Slaughter concedes that he did not object to this instruction at trial, and therefore we review the instruction for plain error. *See Givens v. State*, 294 Ga. 264, 266 (2) (751 SE2d 778) (2013). "Thus, we must consider whether the instruction was erroneous, whether it was obviously so, and whether it likely affected the outcome of the proceedings." *Id.* (citation omitted).

"As a general rule, a trial court does not err when it charges a Code section in its entirety, even though some part of that section may be inapplicable to the allegations of the indictment and the evidence presented at trial. In such circumstances, error will be found only where it appears that the inapplicable part of the charged statute either misled the jury or erroneously affected the verdict." *Hernandez-Garcia v. State*, 322 Ga. App. 455, 460 (2) (745 SE2d 706) (2013) (citations omitted). Therefore, for the jury charge at issue to constitute reversible error, there must be a reasonable possibility that, as a result of the charge, the jury convicted Slaughter of the charged offenses in a manner not alleged in the indictment. *See id.* at 460-461 (2).

Here, the trial court instructed the jury that venue in Fulton County was a jurisdictional fact that had to be "proved by the State beyond a reasonable doubt as to each crime charged in the indictment just as any element of the offense." Further, the State introduced testimony from a detective that established that Slaughter's residence was in Fulton County and other testimonial evidence established Slaughter's correct street address in Fulton County. Because the charge required the jury to find beyond a reasonable doubt that venue was in Fulton County, which the jury could do based on the evidence presented at trial, the extraneous instruction did not likely affect the outcome of the proceedings.

3. Lastly, Slaughter argues that he received ineffective assistance at trial because his counsel failed to file a special demurrer seeking more definite dates in the indictment, failed to object during trial to the testimony regarding T. S.'s behavior and comment in the shower with K. S., and failed to challenge venue.

> To succeed on an ineffective assistance claim, a criminal defendant must demonstrate both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. When reviewing an ineffective assistance claim, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

6

*Tiller v. State*, 314 Ga. App. 472, 476 (4) (724 SE2d 397) (2012) (citations omitted).

(a) Slaughter contends that trial counsel was ineffective for failing to file a special demurrer seeking more definite dates in the indictment because Slaughter was incarcerated for some of the period alleged in the indictment. We disagree.

A special demurrer objects merely to the form of an indictment or seeks more information and must be raised before pleading to the indictment. *See Chapman v. State*, 318 Ga. App. 514, 516 (1) (a) (733 SE2d 848) (2012). Here, the indictment stated a range of dates for each of the charges as being from "the 6th of February, 2007 and the 31st day of December, 2011, the exact date unknown to the Grand Jurors." At the motion for new trial hearing, Slaughter's trial attorney testified that he saw no need to file a special demurrer because he thought it would be clear to the jury that Slaughter did not commit the offenses during the time he was incarcerated. Slaughter's trial counsel stated that he made the dates that Slaughter was incarcerated clear to the jury. This testimony demonstrates that trial counsel's failure to seek greater specificity in the indictment was a strategic decision made after consideration of the likelihood of success. Counsel's calculation was not based on legal error,[1] and

---

[1] "[I]f a timely special demurrer is granted, the trial court quashes the indictment. However, the quashing of an indictment merely bars trial on the flawed indictment; it does not bar the State from reindicting the defendant." *Chapman*, 318

7

such strategic decisions do not amount to deficient performance. *See Allen v. State*, 318 Ga. App. 531, 533 (1) (734 SE2d 260) (2012). Accordingly, this enumeration fails.

(b) Slaughter argues next that he received ineffective assistance when his trial counsel failed to make a hearsay objection to K. S.'s testimony regarding her little sister T. S.'s behavior in the shower. We disagree.

At trial, K. S. testified that when she was taking a shower with T.S., her three-year-old sister, T. S. attempted to touch K. S.'s private parts. When asked who had showed T. S. how to do such a thing, T. S. responded "My daddy did." Trial counsel testified at the motion for new trial hearing that he did not see the need to file a pretrial motion or object to this testimony because he did not find it to be that harmful when considered in light of the other overwhelming evidence against Slaughter. "The decision of whether to interpose certain objections is a matter of trial strategy and tactics. Trial tactics and strategy, no matter how mistaken in hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them." *Henry*

Ga. App. at 517 (1) (a). Thus, even if Slaughter's attorney had filed a demurrer, it would not have prevented the State from reindicting and trying Slaughter. *See id.*

8

*v. State*, 316 Ga. App. 132, 134 (2) (729 SE2d 429) (2012) (citation omitted). In light of the circumstances of this case and the other evidence against Slaughter, we do not deem trial counsel's strategy to be patently unreasonable, and thus find this enumeration to be without merit. Moreover, we find no reasonable probability that the jury's verdict would have been impacted by the exclusion of this evidence.

(c) Finally, Slaughter argues that he received ineffective assistance at trial when his counsel failed to challenge venue. However, Slaughter's trial counsel testified at the motion for a new trial hearing that he believed that the State had successfully established venue. As explained above in Division 1, trial counsel was correct in this assessment. Thus, trial counsel had no grounds to challenge venue, and the "[f]ailure to make a meritless objection cannot be evidence of ineffective assistance." *Graham v. State*, 251 Ga. App. 395, 398 (2) (d) (554 SE2d 528) (2001). This enumeration is without merit.

*Judgment affirmed. Ellington, P. J., and Senior Appellate Judge Herbert E. Phipps concur*.